IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HEATH HEDDINGS,            :      No. 4:07-cv-1428
         Plaintiff,      :
                             :      (Judge Jones)
         v.             :
                             :      (Magistrate Judge Blewitt)
MICHAEL J. ASTRUE,      :
Commissioner of Social Security,  :
         Defendant      :

## MEMORANDUM

March 3, 2008

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Thomas M. Blewitt filed on November 7, 2007.

(Doc. 7.)  The R&R recommends that the Commissioner's motion to dismiss for

lack of subject matter jurisdiction (Doc. 4) be granted because the Plaintiff did not

timely exhaust his administrative remedies.  No objections to the R&R have been

filed.  For the reasons set forth below, the Court will adopt the R&R, grant the

Commissioner's motion to dismiss, and dismiss this case.

## I.    STANDARDS OF REVIEW

### A.    Review of a Magistrate Judge's Report

When no objections are made to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report

1

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The Court's examination of this case confirms the Magistrate Judge's determinations, and although no reason has been presented to revisit them, the Court will briefly review the salient aspects of the R&R.

### B.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

Where a defendant challenges subject matter jurisdiction "in fact," by disputing the existence of certain jurisdictional facts,  a court is not limited to considering only the allegations on the face of the complaint in deciding a Rule 12(b)(1) motion. *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). "[N]o presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id. (quoting Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Thus, the court is "free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Id.*  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted if the plaintiff does not carry the burden of persuasion to show that jurisdiction does in fact exist. *Id.*

2

## II.    DISCUSSION

The sole issue presented by the Commissioner's motion is whether the Plaintiff timely exhausted his administrative remedies.  A district court has jurisdiction to review only a "final decision" of the Commissioner of Social Security.  42 U.S.C. § 405(g).  In order to obtain a final decision, a claimant must complete a four-step administrative process.  *See* 42 U.S.C. § 404.900(a).  If a claimant does not exhaust these administrative remedies, a district court lacks jurisdiction to review the Commissioner's decision and must dismiss a complaint seeking to appeal a denial of benefits.  *See Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998).

The first step in the administrative review process is for the claimant to request a hearing before an administrative law judge within sixty days of receiving notice that his claim was denied.[1]  *See* 20 C.F.R. §§ 404.929, 404.933.  In this case, the Plaintiff received an initial notice of denial of his claim for Disability Insurance Benefits on August 19, 2003.  A copy of the notice was mailed to the Plaintiff directly and also to his attorney.   The notice informed the Plaintiff of his ability to request a hearing on the claim within sixty days from receipt of the notice.  The

---

[1] A claimant may also seek reconsideration of the initial determination.  20 C.F.R. § 404.907.

notice also indicated that receipt of the notice would be presumed within five days of its issuance, unless the Plaintiff made a showing to the contrary. Counting these five days, Plaintiff's request for a hearing before an ALJ was thus due on October 23, 2003.

SSA first received Plaintiff's request for a hearing on October 15, 2006, almost three years too late. On February 6, 2007, an ALJ dismissed the request as untimely, and review was denied by the Appeals Council on June 5, 2007.

Plaintiff does not dispute that he received a notice of initial determination on August 19, 2003 or that his request for a hearing was due by October 23, 2003. Plaintiff instead claims that he filed a request for a hearing, through his attorney, on August 26, 2003. As proof of this contention, Plaintiff submits an unsigned draft letter date August 26, 2003 from his counsel to SSA, requesting a hearing.

Under the mailbox rule, items placed in the mail are presumed received by the addressee. *In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 304 (3d Cir.2002). "The presumption arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail. To invoke the presumption, proof of procedures followed in the regular course of operations gives rise to a strong inference that it was properly addressed and mailed. The mailing and timely

4

receipt presumption is rebuttable, and at least one Court has held that testimony

denying receipt suffices to rebut the presumption." *Id.* (citations omitted).

In this case, Plaintiff has submitted no proof beyond the unsigned draft letter

to support his contention that the request for hearing was timely mailed to SSA.

Plaintiff does not have a copy of the signed letter, proof of mailing, or proof of

receipt, nor does Plaintiff's counsel provide any evidence of the regular mailing

procedures used, other than to state that the letter was never returned as

undeliverable. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine)*

*Prod. Liab. Litig.*, 2007 WL 4082425, at *2 (E.D. Pa. Nov. 16, 2007). Plaintiff has

not met his initial burden to invoke the mailbox rule.

Further, as both the ALJ and the Magistrate Judge noted, Plaintiff's failure to

follow up on his alleged request for a hearing for several years and the fact that he

simply filed a "new" request in October 2006 weigh heavily against invocation of

the mailbox rule presumption in his favor.

In addition, even if the Plaintiff had proof that the August 26, 2003 letter was

mailed on that date, the mailbox rule likely does not apply in this case. SSA

regulations state that a request for hearing before an ALJ "must be *filed* at one of

our offices within 60 days after the date you receive notice of the previous

determination." 20 C.F.R. 416.1433(b) (emphasis added). "Whatever weight the

5

old mailbox rule may carry for service and other purposes, it is perfectly clear that, for filings in ... federal courts, it is actual receipt that counts, and not the date or fact of mailing. SSA regulation 20 C.F.R. 416.1433(b) is therefore unambiguously consistent with the general rule that, even if service is complete upon mailing, *filing* is complete only on actual receipt. *Banks v. Chater*, 949 F. Supp. 264, 267-68 (D.N.J. 1996) (emphasis added). Plaintiff has submitted no proof whatsoever that his request for a hearing was timely filed with SSA, and therefore, Plaintiff has not exhausted his administrative remedies.

## IV.   CONCLUSION

Because Plaintiff has failed to exhaust his administrative remedies and obtain a final decision from SSA, this Court lacks subject matter jurisdiction to review the Commissioner's decision denying Plaintiff benefits. This action shall therefore be dismissed, and because it is clear that Plaintiff cannot now properly exhaust his administrative remedies, dismissal is with prejudice. An appropriate order will issue.